# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY TICHENOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.   1:10-cv-2279 |
| vs. | ) |
| | ) |
| PHILLIPS, EVERETT & JONES LLC, | )   **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ANTHONY TICHENOR, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, PHILLIPS, EVERETT & JONES LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

## JURISDICTION AND VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.  Plaintiff is an individual who was at all relevant times residing in Bay Village, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a limited liability company of the State of New York, which is not licensed to do business in Ohio and which has its principal place of business in Cheektowaga, New York.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about January 24, 2010, Defendant began contacting Plaintiff by telephone at home and also at Plaintiff's place of employment in attempts to collect the aforementioned alleged debt. The first communication Plaintiff received from Defendant was a recorded message which said that Defendant was calling Plaintiff regarding a legal matter.

8. On or about January 24, 2010, Plaintiff returned the call and spoke with a female representative and/or employee of Defendant. During this conversation, Defendant's representative called Plaintiff a liar and stated to Plaintiff that he would be arrested if he did not pay the alleged debt. Plaintiff asked the caller for the Defendant's address, but the caller would not provide the address and instead terminated the call.

9. On or about February 5, 2010, Defendant again contacted Plaintiff by telephone at his home and place of employment in a further attempt to collect the aforementioned alleged debt. On this date, Plaintiff received essentially the same recorded message at his home from Defendant as referenced in paragraph seven (7) above. In addition, Defendant's representative

2

left a message at Plaintiff's place of employment with a co-worker.  Defendant's representative divulged to Plaintiff's co-worker the name of the Defendant company and also stated that the Defendant was a law firm.

10. On information and belief, the Defendant is not a law firm, nor does the Defendant employ any attorneys.

11. On or about February 5, 2010, Plaintiff sent written notice by facsimile transmission to Defendant disputing the alleged debt, requesting verification of the alleged debt and also requesting that all further contact with Plaintiff cease and desist.  A copy of said letter is attached hereto as Exhibit 1.

12. Nonetheless, Defendant's attempts to collect the alleged debt continued as telephone calls were placed to Plaintiff again on February 8 2010, both to Plaintiff's home as well as to Plaintiff's place of employment.

13. Moreover, to date, Defendant has failed to send Plaintiff the written notice in accordance with 15 U.S.C. § 1692g(a) and Defendant has not provided Plaintiff to the verification of the alleged debt which he requested.

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Continuing to communicate with Plaintiff after Defendant was notified in writing that he wished for Defendant to cease further communication with him, in violation of 15 U.S.C. § 1692c(c);

    b. Using language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

c. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

d. Representing or implying that nonpayment of the alleged debt would result in the arrest of Plaintiff, where such action was unlawful and Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

e. Falsely representing or implying that Plaintiff committed a crime in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

f. Failing to send the written notice to Plaintiff which is required by 15 U.S.C. § 1692g(a);

g. Continuing collection activities without providing verification of the debt to Plaintiff after Plaintiff requested verification of the debt in writing, in violation of 15 U.S.C. § 1692g(b);

h. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

i. Falsely representing or implying that Defendant's representative was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3); and

j. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

4

15.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ANTHONY TICHENOR, respectfully prays for a judgment against Defendant as follows:

   a.   Statutory damages of $1,000.00 for each violation of the FDCPA;
   b.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and
   c.   Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

16.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17.     Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

18.     Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

19.     Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

20.     Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

21.     Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

22. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, ANTHONY TICHENOR, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $200.00 for each violation of the OCSPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park, Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(216) 452-9302 (direct line)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com